UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SELECT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 4:25-MJ-70846-MAG |
| | ) | |
| Plaintiff, | ) | STIPULATED ORDER EXCLUDING TIME |
| v. | ) | UNDER THE SPEEDY TRIAL ACT |
| | ) | |
| Carlos Joel Castro-Arteaga | ) | |
| Defendant(s). | ) | |

For the reasons stated by the parties on the record on 9/16/25 , the court excludes time under the Speedy Trial Act from 9/16/25 to 10/7/25 and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The court makes this finding and bases this continuance on the following factor(s):

_____    Failure to grant a continuance would be likely to result in a miscarriage of justice.
       *See* 18 U.S.C. § 3161(h)(7)(B)(i).

_____    The case is so unusual or so complex, due to [*check applicable reasons*] _____ the number of
       defendants, _____ the nature of the prosecution, or _____ the existence of novel questions of fact
       or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial
       itself within the time limits established by this section. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

_____    Failure to grant a continuance would deny the defendant reasonable time to obtain counsel,
       taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

_____    Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given
       counsel's other scheduled case commitments, taking into account the exercise of due diligence.
       *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

✗    Failure to grant a continuance would unreasonably deny the defendant the reasonable time
       necessary for effective preparation, taking into account the exercise of due diligence.
       *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

✗    With the consent of the defendant, and taking into account the public interest in the prompt
       disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first
       paragraph and — based on the parties' showing of good cause — finds good cause for extending
       the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for
       extending the 30-day time period for an indictment under the Speedy Trial Act (based on the
       exclusions set forth above). *See* Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

IT IS SO ORDERED.

DATED: 9/16/25

Lisa J. Cisneros  Thomas S. Hixson
United States Magistrate Judge

STIPULATED:
Attorney for Defendant          Assistant United States Attorney

*v. 1/10/2019*